ROSECRANES v. THE IOWA & MINNESOTA TELEPHONE CO.

1. **Continuance:** FACTS NOT ENTITLING TO: SICKNESS OF ATTORNEY: SURPRISE. A third continuance of this cause was asked in the court below on the ground of the sickness of one of the attorneys, and of surprise by an amendment to the pleadings, but the court overruled the application. *Held*, in view of the facts, (see opinion,) that the court did not abuse its discretion in the matter, and that its ruling should stand.

2. **Practice in Supreme Court:** QUESTIONS REQUIRING THE EVIDENCE: DEFECTIVE ABSTRACT. This court cannot pass upon questions relating to the evidence,—such as the sufficiency of the evidence to support the verdict, the propriety of instructions, and the like,—unless the abstract claims to contain all the evidence.

*Appeal from Butler District Court.*

FRIDAY, DECEMBER 12.

ACTION to recover damages caused by the defendant's negligently permitting certain wires, which had been stretched on poles in the city of Waverly, to sag down, while defendant was repairing the wires erected by it in the streets of the city, whereby the plaintiff, who was passing along said streets, was injured, without negligence on his part. Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*McCeney & O'Donnell*, for appellant.

*D. W. C. Duncan* and *H. C. Hemenway*, for appellee.

SEEVERS, J.—I. This action was commenced in March, 1882. On motion of the defendant, continuances were

granted in May and October, 1882. On the first day of the May term, 1883, the defendant filed a motion for a continuance, on the ground that its principal counsel was sick, and unable to attend the trial. This motion was overruled, and it is insisted that the court erred in so doing. The facts seem to be as follows: J. M. Griffith, in his life-time, was president of the defendant, and its principal attorney. Boies & Couch were associated with him; and they relied on Griffith to prepare the case for trial. Because of his inability to be present in October, 1882, Fred. O'Donnell, Esq., was employed to assist in the trial of this case, and he appeared, · in connection with Boies & Couch, for the plaintiff, at the last-named term. Mr. Griffith died, and W. J. Knight was elected president of the company; and Mr. Boies states, in an affidavit filed by him, that he relied on Mr. Knight to prepare the case for trial at the May term, 1883. Mr. Knight was unable to be present at that time because of sickness, and, because of his absence, a continuation was asked. The motion was overruled on the eighth day of May, and on the tenth of May the trial was postponed until the fourteenth or fifteenth of May, when the case was tried; Mr. O'Donnell being present at that time. Under the circumstances above stated, we cannot say that the court abused the discretion with which it is invested. The facts are materially different from those in *Rice v. Melendy*, 36 Iowa, 166.

It will be assumed that Mr. Boies relied on Mr. Knight to prepare the case for trial; but why he did so, when Mr. O'Donnell had taken Mr. Griffith's place, we are unable to understand. It does appear, however, that O'Donnell had never devoted any time to the preparation of the case for trial. The case was continued for nearly a week, and we are forced to the conclusion that the court was justified in believing that the distinguished counsel who appeared for the defendant could, with reasonable diligence, prepare themselves to properly present the legal questions involved in that time, if they had previously paid but little attention to the case.

When a case has been continued for two terms on the applica-tion of a party, reasonable diligence should be shown before an-other continuance is granted. During the progress of the trial the plaintiff amended the petition, and counsel for the defend-ant claim that they were taken by surprise, and were not pre-pared to meet the new or additional facts pleaded, and there-fore asked for a continuance. The application was correctly overruled. The amendment was not so material as to require a continuance. We think it could have been made after a verdict, in response to a motion for a new trial, on the ground that the evidence did not correspond with the allegations of the petition.

II. It is said that the verdict is not sustained by the evi-dence. But, as the abstract fails to state that it contains all the evidence, we are unable to say whether the claimed posi-tion is true or not. It is insisted that the court erred in stating the issues to the jury in this: The court stated that the plaintiff claimed in the petition to have expended certain money for medical treatment; and the statement made by the court in this respect is correct. But the point made is, as there was no evidence introduced to sustain the allegation, that the defendant was prejudiced by what the court said. In this we do not concur. The court did not direct the jury to allow, or even take into consideration, the question whether the plaintiff was entitled to anything for money paid for medical attendance.

III. The fourth instruction given by the court is as fol-lows: "When an employer gives his servant general direc-tions as to the business which is intrusted to him to perform, then the employer is held to have confided in the discretion of the servant, and is answerable for all the acts of the serv-ant in the performance of the duty required." As an abstract propositon, this instruction is correct, but counsel say there was no evidence to support it. The sixth instruction is objected to, and in relation thereto counsel say: "It is given upon the theory that there was a dispute in the evidence as

to whether it was necessary and proper to remove the Bowman line. There was no such dispute." It is obvious that we cannot determine whether the foregoing objections are well taken, because of the failure of the abstract to state that it contains all the evidence; and this is true as to the seventh instruction, which is objected to. Nor can we say, for the same reason, that the third and fourth instructions asked should have been given. The eighth instruction is criticised. We deem it sufficient to say that in our opinion the points made are not well taken.

IV. It is urged that the court erred in admitting certain evidence as to what took place before the city council of Waverly. We assume that counsel refers in this connection to the evidence of Wooding. We have examined this evidence, and reach the conclusion that it was not prejudicial. Nor do we think the court erred in the admission of other evidence objected to.

AFFIRMED.